# Court of Appeals
# of the State of Georgia

ATLANTA,  July 14, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2184. TAYO REED v. BEKIS SOLUTIONS, LLC.

This case began as a dispossessory action which Bekis Solutions, LLC ("Bekis") filed in magistrate court. In 2023, the magistrate court entered a judgment in favor of Bekis and against Tayo Reed. Reed then sued Bekis in superior court, asserting claims related to the magistrate court action. After the superior court granted summary judgment to Bekis, Reed appealed to this Court; we affirmed in an unpublished opinion. Case No. A24A1843 (Nov. 22, 2024).

In October 2024, Reed filed in the superior court a petition for review, again challenging the magistrate court's judgment. The superior court issued an order dismissing the petition and Reed filed an appeal with Court. This Court dismissed that appeal on May 19, 2025. See Case No. A25A1690.

In May 2026, in the superior court, Reed filed a motion to vacate and set aside the magistrate court judgment "and all derivative proceedings" under OCGA § 9-11-60(d), claiming that the magistrate court lacked jurisdiction. On May 29, 2026, the superior court denied Reed's motion and Reed filed a notice of appeal. Bekis has filed a motion to dismiss, arguing that this Court lacks jurisdiction. We agree.

Pretermitting the jurisdictional issues which preclude from Reed filing a direct appeal of a motion to set aside, see OCGA § 5-6-35(a)(8), (b), as this Court has previously stated, our affirmance of summary judgment in favor of Bekis in Case No. A24A1843 renders the current appeal barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court...")

(citation and punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").

Likewise, a direct appeal of this matter is improper. Appeals from superior court decisions reviewing lower court decisions by petition for review, or in other ways, must be initiated by filing an application for discretionary review. OCGA § 5-6-35(a)(1), (b); *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because this case involves a motion, filed in superior court, to set aside a magistrate court decision, Reed was required to file an application for discretionary review. See *Bullock*, 260 Ga. App. at 875.

For the above reasons, the motion to dismiss is GRANTED and this appeal is DISMISSED. Going forward, we advise Reed to determine the proper appellate procedures before taking any additional appeals, and warn her that any abuse of such procedures may subject her to sanctions. See Court of Appeals Rule (7)(e)(2).



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 07/14/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*